■ In the Matter of DAVID C. ALLEN, as Captain of the Building Safety Division of the Kingston Fire Department, City of Kingston, Appellant, v VICTORIA PIASECKI, Respondent. [707 NYS2d 729] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 23, 1999 in Ulster County, which denied petitioner's application pursuant to Executive Law § 382 (3) for an order directing respondent to remove all trees and overgrowth located on certain portions of her property.

This appeal stems from an ongoing conflict between the parties concerning the significant presence of trees and overgrowth surrounding respondent's home, the culmination of which resulted in respondent's conviction by a jury for four violations of the Uniform Fire Prevention and Building Code (hereinafter the Code).* The essence of these violations is that the condition of the property hinders accessibility of emergency personnel to the property, rendering it unsafe and dangerous.

In August 1998, petitioner commenced the instant proceeding seeking an order pursuant to Executive Law § 382 (3) to

---

* An appeal of the conviction is pending before the Ulster County Court.

compel respondent to "immediately cut down, remove all overgrowth, trees and other vegetation located * * * on the north, west and south sides [of her property] the presence of which resulted in her conviction" or, alternatively, permission to remove the vegetation at issue upon respondent's failure to comply. In opposition, respondent submitted the affidavits of two landscapers whom she had contacted to assist her in removing trees, each of whom indicated that it was unclear what trees required removal to gain compliance with petitioner's demands, and one of whom additionally indicated that he found the City's requirement that a clearance width of 10 feet be maintained around every window to be excessive. In addition, respondent claimed that she had trimmed some vegetation on the south and front portions of her property.

Supreme Court denied the petition, concluding that petitioner had failed to clearly specify any violation of the Code, that the condition of respondent's property was noxious within the meaning of the Code and that it was not the court's role to restrict the growth of vegetation on respondent's property. This appeal ensued. We affirm.

Given the discretionary nature of Executive Law § 382 (3), we find that Supreme Court's determination was proper. The record indicates that petitioner has provided respondent with vague and/or inconsistent directives regarding what steps must be taken to abate the violations. Indeed, the instant petition seeks removal of *all* trees and vegetation, a May 1998 order directs that the violations be remedied but fails to state what steps will ensure compliance, a June 1998 letter specifies clearance distances from windows and doors but fails to indicate the basis for such specifications and a January 1999 letter (issued well after the commencement of this proceeding) offers additional guidelines which appear to be inconsistent with the earlier directives.

Taking into account the drastic and irrevocable outcome if we were to issue a contrary decision, we must agree with Supreme Court that petitioner has failed to set forth respondent's alleged violations with sufficient detail as to apprise her of the lawfully required acts she must take to achieve compliance with the Code. In regard to petitioner's request that we remit the matter to Supreme Court for a hearing on these matters, we perceive no factual dispute which compromises our ability to determine whether Supreme Court abused its discretion in denying the petition (*see, Matter of Algemene Bank Nederland v Toepfer*, 175 AD2d 4, 7) and, accordingly, affirm Supreme Court's order.

Crew III, J. P., Graffeo, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.